276 F.2d 581
 Helen K. TUBMAN, as Administratrix of the Goods, Chattels and Credits of Joseph M. Tubman, deceased, Plaintiff-Appellant,
v.
OLYMPIA OIL CORP. and National Shipping and Trading Company, Inc., Defendants-Appellees.
 No. 194.
 Docket 25756.
 United States Court of Appeals Second Circuit.
 Argued February 9, 1960.
 Decided April 6, 1960.
 
 Warren Small, New York City (Jacob Rassner, New York City, on the brief), for plaintiff-appellant.
 Thomas J. Short, New York City (Dougherty, Ryan & Mahoney, New York City, on the brief), for defendants-appellees.
 Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.
 MOORE, Circuit Judge.
 
 
 1
 Plaintiff appeals from an order denying a motion to vacate an order dismissing plaintiff's case for failure to prosecute. The cronology is important. The accident causing the death of the deceased occurred in 1953. A summons and complaint were filed on October 27, 1955, the attorney of record being Jacob Rassner. On February 4, 1958 an order was entered providing for dismissal for failure to prosecute unless a note of issue for trial be filed within 60 days. The time expired on April 7, 1958 and on May 27, 1958 an order of dismissal was entered. The reasons now advanced for vacating this order are that the present attorney, Warren Small, was retained "of counsel" on March 24, 1958 by Jacob Rassner; that Small "realized at once that prolonged investigation in Baltimore, Maryland, was necessary prior to filing a note of issue"; that he soon became ill and was away from the office for several months; and that when he returned to his office in June 1958 he learned of the dismissal order. Despite the alleged necessity for further investigation and the knowledge of the dismissal the attorney made no request for an extension of time on or after March 24, 1958 and did nothing for ten months after his return to seek relief because of his illness. Nor can any claim be made by Small that he came into the picture for the first time on March 24, 1958, because he was sufficiently familiar with the case on September 19, 1957 while in the employ of Rassner to act as counsel in the taking of the deposition of the plaintiff.
 
 
 2
 No reason has been advanced justifying any relief under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. The order of dismissal was properly granted as was the order refusing to vacate. The district court is making intensive and commendable efforts for the benefit of the public in general and the litigants in particular to expedite the trial of cases.[1] If trials are to be secured within a reasonable period from the date of the commencement of the action the calendars should not be clogged with cases where no serious effort is being made to prosecute them. The procedure adopted gives fair warning of the consequences of inexcusable delay. Acceptable excuse has not been presented here.
 
 
 3
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 See "Disposition of Judicial Business" by Chief Judge Sylveter J. Ryan, D.C.S.D.N.Y., 24 F.R.D. 373